## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SHARON MARIE JACKSON-PEREZ,**

 **Petitioner,**

**v.**         **Case No. 4:14cv242-RH/CAS**

**J.V. FLOURNOY, WARDEN,**

 **Respondent.**

          **/**

### REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about May 13, 2014, Petitioner Sharon Marie Jackson-Perez, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   On November 13, 2014, Respondent filed an answer.   ECF No. 20.   Petitioner filed a reply, ECF No. 27, as well as supplements, ECF Nos. 31-33, 35-37.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## Background

On November 5, 2009, in the United States District Court for the

Middle District of Florida, before Judge Virginia M. Hernandez Covington,

Petitioner Sharon Marie Jackson-Perez entered a guilty plea, pursuant to a

plea agreement, to the charge of conspiracy to distribute and to possess

with intent to distribute 50 grams or more of methamphetamine in violation

of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846.   United States v.

Jackson-Perez, No. 8:09cr266-VMC/MAP (M.D. Fla.), ECF Nos. 80 (Plea

Agreement), 89 (Notice Regarding Entry of a Plea of Guilty), 91 (Report

and Recommendation Concerning Plea of Guilty), 92 (Acceptance of Plea

of Guilty and Adjudication of Guilt).   In the Plea Agreement, among other

things, Petitioner acknowledged the offense "is punishable by a mandatory

minimum term of imprisonment of 10 years up to life, a fine of $4 million, a

term of supervised release of at least 5 years, and a special assessment of

$100."   Id. ECF No. 80 at 1.   In a written judgment imposed February 25,

2010, the court sentenced Petitioner as a career offender to 200 months in

prison, followed by 60 months of supervised release.   Id. ECF No. 118.

The guideline range determined by the court at sentencing was between

262 and 327 months in prison and 5 years of supervised release.   Id. ECF

Case No. 4:14cv242-RH/CAS

No. 117.   Petitioner did not appeal.

On or about February 12, 2014, Petitioner filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255.   *Id.* ECF No. 137; *see* United States v. Jackson-Perez, No. 8:14cv373-VMC/MAP.   She argued she was incorrectly classified as a career offender and her attorney was ineffective. *Id.*   In an order issued February 17, 2014, the court denied the motion as time-barred and denied a certificate of appealability.   *Id.* ECF No. 138. Petitioner filed a motion to reopen the case on or about March 21, 2014. United States v. Jackson-Perez, No. 8:14cv373-VMC/MAP, ECF No. 5. The court denied that motion on March 24, 2014.   *Id.* ECF No. 6.

On or about June 1, 2015, Petitioner filed in the sentencing court a Motion to Recommend Community Corrections Center Placement.   United States v. Jackson-Perez, No. 8:09cr266-VMC/MAP, ECF No. 146.   On June 16, 2014, that court denied this motion without prejudice as premature.   *Id.* ECF No. 147.

In the meantime, as indicated above, or about May 13, 2014, Petitioner, who is incarcerated at the Federal Correctional Institution in Tallahassee, Florida, filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   She raises one ground,

Case No. 4:14cv242-RH/CAS

asserting she "is actually, factually, and legally innocent of being a career

offender" because, specifically, her Florida state prior convictions "for

Florida State Statute Section 893.13, Dockets CF-98-2730/CM01-

39908/CF-01-5515/CF-09-3058" violate <u>Descamps v. United States</u>, 133

S.Ct. 2275 (2013), as "a person can be convicted without any knowledge of

the nature of the substance in her possession according to Petitioner's

charges under Florida State Statute Section 893.13."   *Id.* at 15; *see id.* at

15-20.   Petitioner also asserts, citing <u>Johnson v. United States</u>, 559 U.S.

133, 138 (2010), that the Florida Supreme Court's interpretation of state

law "is bound by it's own interpretation of it's State Law."   *Id.* at 15.

Respondent filed an answer.   ECF No. 20.   Respondent argues this

§ 2241 petition should be dismissed because the Court lacks subject

matter jurisdiction to consider the case.   *Id.*   In particular, Respondent

asserts Petitioner's arguments are "squarely foreclosed by <u>Gilbert v. United</u>

<u>States</u>, 640 F.3d 1293 (11th Cir. 2011) (en banc)."   *Id.* at 3.

Petitioner filed a reply and supplements.   ECF No. 27, 31-33, 35-37.

She again cites the <u>Descamps</u> case, in addition to <u>Mackey v. Warden</u>, 739

F.3d 657, 661-62 (11th Cir. 2014), and <u>Bryant v. Warden</u>, 738 F.3d 1253

(11th Cir. 2013).   ECF No. 27.   She argues that "[a]s a result of

Descamps new rule being retroactive, and a substantial change in the law[,] Petitioner's sentence and conviction exceed a sentence, allowed by the U.S.S. Guidelines and the U.S. Congress."   *Id.* at 2.   Petitioner also filed supplements, again citing the Johnson case, as well as McFadden v. United States, No. 14-378, and Mellouli v. Lynch, No. 13-1034, from the U.S. Supreme Court.   ECF Nos. 31, 32, 35, 37.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus.   *See* United States v. Hayman, 342 U.S. 205 (1952).   The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."   As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.   342 U.S. at 213.   Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than

where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28.   *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177

F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has

expressly concluded, that this statute channels challenges to the legality of

the imposition of a sentence, while leaving § 2241 available to challenge

the continuation or execution of an initially valid confinement.   *See*

Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir.

2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally

imposed sentence).   Thus, § 2241 provides an avenue for challenges to

matters such as the administration of sentences or parole, prison

disciplinary actions, prison transfers, and certain types of detention.   *See*

Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole

Commission is properly brought pursuant to § 2241); Thomas v. Crosby,

371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention

is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295,

1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons'

administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and

thus is matter for habeas corpus).

　　In her § 2241 filings, Petitioner challenges her sentence.   A collateral

attack on the validity of a federal conviction and sentence is properly

brought under 28 U.S.C. § 2255 in the district of conviction, however.

*See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353,

1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.   The Eleventh Circuit has

explained:

> In general, a federal prisoner seeking to challenge
> the legality of his conviction or sentence has two
> bites at the apple: one on direct appeal, and one via
> a § 2255 motion.   In the interests of finality, the law
> generally bars prisoners from filing second or
> successive § 2255 motions, except when "certified
> as provided in section 2244[(b)(3)(A)] by a panel of
> the appropriate court of appeals to contain" either
> "newly discovered evidence" of actual innocence or
> "a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court,
> that was previously unavailable."   *See* 28 U.S.C.
> § 2255(h); Gilbert [v. United States], 640 F.3d
> [1293,] 1309 [(11th Cir. 2011 (en banc)].   This bar
> on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th

Cir. 2013).   "A petitioner who has filed and been denied a previous § 2255

motion may not circumvent the successive motion restrictions simply by

Case No. 4:14cv242-RH/CAS

filing a petition under § 2241."   Darby v. Hawk-Sawyer, 405 F.3d 942, 945

(11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); *see, e.g.*, Antonelli, 542

F.3d at 1351.

   In particular, § 2255(e) bars a § 2241 petition if the prisoner "has

failed to apply for relief, by motion, to the court which sentenced him, or

that such court has denied him relief, *unless it also appears that the*

*remedy by motion is inadequate or ineffective to test the legality of his*

*detention.*"   28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at

1238.   The italicized language, known as the "savings clause," provides a

narrow exception to the bar and allows review of a § 2241 habeas petition

only in limited circumstances.   "The applicability of the savings clause is a

threshold jurisdictional issue, and the savings clause imposes a subject-

matter jurisdictional limit on § 2241 petitions."   Samak v. Warden, FCC

Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams,

713 F.3d at 1337-38).   A petitioner has the burden of demonstrating

entitlement to proceed under the savings clause.   *Id.*

   As set forth above, Petitioner has filed numerous motions, including

(an untimely) § 2255 motion, in the sentencing court challenging her

conviction and sentence, all of which have been denied.   Petitioner seeks

to use her § 2241 petition as a vehicle for challenging the validity of her sentence.   To challenge her sentence under § 2241, then, Petitioner has to satisfy the savings clause by meeting five requirements:

(1) Throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this [Eleventh Circuit] Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition;

(2) After the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent;

(3) That Supreme Court decision applies retroactively on collateral review;

(4) As a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and

(5) The savings clause of § 2255(e) reaches [petitioner's] claim.

Jeanty v. Warden, FCI-Miami, 757 F.3d 1283 (11th Cir. 2014); *see* Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013).

Here, Petitioner attempts to satisfy step (2) by relying on the U.S. Supreme Court's decision in Descamps, which concerned the process for determining whether a prior conviction qualified as a "violent felony" for sentencing under the Armed Career Criminal Act (ACCA).   133 S. Ct. at 2281-82.   Descamps did not concern which state convictions qualify as serious drug offenses, as urged by Petitioner.   In addition, in any event,

the Eleventh Circuit has explained that <u>Descamps</u> did not "implement a substantive or a 'watershed' procedural change in the law" and, further, "<u>Descamps</u> does not apply retroactively to cases on collateral review, and is not a proper basis for granting relief under § 2241 via the savings clause of § 2255(e)."   <u>Abney v. Warden</u>, 621 F. App'x 580, 584 (11th Cir. 2015).

In addition, to the extent Petitioner appears to rely on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), such reliance is misplaced.   The <u>Johnson</u> case concerned the definition of "violent felony" under the ACCA and the role of prior convictions for violent felonies in enhancing sentences. <u>Johnson</u> did not concern a defendant, like Petitioner, sentenced as a career offender under the guidelines.   *See* <u>United States v. Matchett</u>, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding <u>Johnson</u> does not apply to sentences under advisory sentencing guidelines).   *See also* <u>In re: Clayton</u>, 829 F.3d 1254 (11th Cir. 2016) (denying permission to file successive § 2255 where applicant was sentenced in 2010 under U.S. Sentencing Guidelines § 4B1.1 and explaining "[t]his court has held that <u>Johnson</u> does not apply to [such] sentences").

Moreover, as the Government explains in its response, Petitioner's sentence does not exceed the statutory maximum punishment of life

imprisonment as her sentence of 200 months in prison falls below the statutory maximum.   Thus, Petitioner may not proceed under the savings clause.   *See* <u>Gilbert</u>, 640 F.3d at 1323 ("What we do decide is that the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.").

Therefore, in this case, review under § 2241 is not available as Petitioner challenges the validity of her sentence, not the execution thereof. Further, Petitioner has not shown entitlement to review under the savings clause, to open the § 2241 portal.   Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## <u>Conclusion</u>

For the reasons set forth above, it is **RECOMMENDED** the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on November 21, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.